UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MICHELLE KAY ROTHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-767 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) ) | |

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On January 28, 2010, the court entered a judgment (docket # 11) reversing the Commissioner's decision and remanding the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

On February 26, 2010, plaintiff filed a motion asking the court to award her $3,465.60 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 12). On March 9, 2010, defendant filed a response. (docket # 14). Upon review, I recommend that the court enter an order granting plaintiff's motion in part and denying it in part, and that on or after March 30, 2010, the court enter a separate judgment in plaintiff's favor against defendant in the amount of $2,500.00.

## Discussion

Plaintiff's application for fees under the EAJA is premature. The judgment remanding this matter to the Commissioner will not become a "final judgment" within the meaning of the EAJA until March 30, 2010, the day after the government's sixty-day period within which to appeal the judgment expires. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Marshall v. Commissioner*, 444 F.3d 837, 842 n.3 (6th Cir. 2006). The application was not filed "within thirty days of final judgment" as required by statute. 28 U.S.C. § 2412(d)(1)(B); *see Townsend v. Commissioner*, 415 F.3d 578, 581 (6th Cir. 2005). I do not recommend that the motion be dismissed as premature. Defendant did not object to plaintiff's motion on the basis that it was untimely. *See Scarborough v. Principi*, 541 U.S. 401 (2004). I recommend that the court defer entering its judgment until March 30, 2010, because nothing in the statute authorizes the court to award EAJA fees at an earlier date.

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d at 840. Plaintiff is a prevailing party under this

court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). I find that plaintiff is entitled to an award of attorney's fees under the EAJA.

    1.    <u>Hours Claimed</u>

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff's attorney represents to the court that he spent a total of 20 hours on this case, including 2 hours for "preparation of EAJA motion, memorandum and affidavits." (docket # 12-3). Defendant "questions the reasonableness of Plaintiff's fee request for two hours of her attorney's time to prepare a routine EAJA petition," but offers no further analysis and cites no legal authority. (Def. Brief at 1-2). I recommend that plaintiff's attorney receive credit for all 20 hours listed in his itemized statement.

    2.    <u>Hourly Rate</u>

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of

$173.28 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

"In requesting an increase in the hourly-fee rate, [p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff's attorney argues that he should receive an increased hourly rate based on inflation and the Consumer Price Index. (docket # 12-2, ¶ 7). In *Bryant*, the Sixth Circuit held that this was not sufficient evidence to carry the plaintiff's burden. *Id.* at 450. I find that plaintiff has not carried her evidentiary burden to justify compensation at any rate above the statutory cap. I further find that an award at the maximum hourly rate provides adequate and appropriate compensation for the work performed. Multiplying the 20 hours expended by counsel and the $125 per hour rate results in a $2,500.00 total. I find that plaintiff is entitled to an award of EAJA attorney's fees in the amount of $2,500.00.

3. <u>Payment</u>

Plaintiff's motion contains a request that her attorney receive direct payment of her award of EAJA fees. (docket # 12 at 1). I recommend that the court decline this invitation to commit reversible error. The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). In *Bryant*, the Sixth Circuit held that payment under

the EAJA must be made to the prevailing party, not her attorney. 578 F.3d at 449. Alternatively, "plaintiff requests that the fee be mailed directly to plaintiff's attorney." (docket # 12 at 1). The manner in which defendant elects to satisfy the monetary obligation created by the judgment is not properly before this court.

## Recommended Disposition

For the reasons set forth herein, I recommend that the court enter an order granting plaintiff's motion in part and denying it in part, and that on or after March 30, 2010, the court enter a separate judgment in plaintiff's favor against defendant in the amount of $2,500.00.


Dated: March 11, 2010                    /s/  Joseph G. Scoville
                                         United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).